**SO ORDERED.**

**SIGNED this 9th day of May, 2012.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| RICHARD G. ARMER | CASE NOS. 11-10557 |
| VICKI LYNN ARMER; | 11-10578 |
| RICHARD G. ARMER, LLC, and | 11-10580 |
| 4-D PETROLEUM CONSULTANTS, LLC , | |
| | CHAPTER 11 |
| DEBTORS. | |
| | |
| MERWYN CRANDELL; | |
| DONNA CRANDELL; | |
| C&A OIL, LLC; and | |
| FRANKLIN RADIOLOGY SERVICES, | |
| P.C., PENSION SAVINGS PLAN, | |
| | |
| PLAINTIFFS, | |
| v. | ADV. NO. 11-05116 |
| RICHARD G. ARMER ; | |
| VICKI LYNN ARMER; | |
| 4-D PETROLEUM CONSULTANTS, LLC; | |
| and | |
| RICHARD G. ARMER, LLC, | |
| | |
| DEFENDANTS. | |

# MEMORANDUM OPINION AND ORDER
# GRANTING VICKI LYNN ARMER'S MOTION TO DISMISS

Defendant Vicki Lynn Armer (Vicki Armer) moves to dismiss the Complaint against her for failure to state a claim on which relief can be granted (Motion).[1] The Court has jurisdiction. For the reasons stated below, the Court grants the Motion.

Vicki Armer moves to dismiss the complaint as to her under Bankruptcy Rule 7012(b), which incorporates Federal Rule 12(b)(6), and provides for dismissal if the complaint fails to state a claim upon which relief can be granted. The standard for granting such as motion is stated by the Supreme Court in *Twombly*[2] and *Iqbal*.[3] Under that standard, the Motion tests the legal sufficiency of the allegations - are they "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Bankruptcy Rule 7008, which incorporates Federal Rule 8(a)(2). Satisfaction of this standard gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[4] Further, to withstand a motion to dismiss, a complaint must contain enough allegations of fact, "accepted as true, 'to state a claim to relief that is plausible on its face.'"[5] "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Dkt. 24.

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

[4] *Twombly* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[5] *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570)).

2

misconduct alleged."[6]  Vicki contends this standard is not satisfied here because the Complaint fails to make any allegations about her conduct or possible liability.

The Complaint in this case alleges six causes of action: Breach of fiduciary duty; fraud; embezzlement; constructive trust; declaratory judgment as to C&A Oil, LLC ownership; and declaratory judgment of nondischargeability.  The primary defendant and actor is Richard Armer, Vicki Armer's husband.  As pointed out by Vicki Armer in the memorandum in support of her Motion, Vicki Armer is not mentioned in the first through the fourth paragraphs of the Complaint describing the parties.  Vicki Armer is not mentioned in paragraphs seven through 22, which make the factual allegations which are the basis for the subsequently alleged claims.  Vicki Armer is not mentioned in any of the six counts.  Vicki Armer is not mentioned in the prayer for relief.  In short, Vicki Armer's name appears *only* in the caption and the "come now" first sentence of the Complaint.

The Complaint therefore did not give Vicki Armer notice of the claims against her, as required to survive a motion to dismiss.  It only gave her notice that she was named as a defendant.  None of the arguments submitted by plaintiffs in response to the Motion are sufficient to show that a claim on which relief can be granted has been alleged.  First, Plaintiffs argue that Vicki Armer has notice of the claims against her because Plaintiffs have supplied her with an accounting report of some of Richard Armer's business operations.  Assuming that report refers to Vicki Armer, it does not defeat the Motion to

---

[6] *Id.*, 556 U.S. at ___, 129 S.Ct. at 1949.

dismiss. That report was neither attached to the Complaint nor referred to in the Complaint. Delivery of an extraneous document does not cure a pleading deficiency. Next, Plaintiffs state that under Kansas law "it is clear that if plaintiffs can prove that a spouse participated in a fraud against them, they would have an independent claim against that spouse."[7] But this principle of law is not sufficient to avoid dismissal because the Complaint contains no allegations of Vicki's participation in fraud. Finally, Plaintiffs rely upon the allegation in Count IV of the Complaint, which seeks the imposition of a constructive trust, that "through intentional and fraudulent conduct, defendants have acquired title to property and funds that rightly belong to plaintiffs."[8] Although Plaintiffs may intend "defendants" to include Vicki Armer there is no reference to Vicki Armer in the Complaint, no factual allegation in the Complaint that Vicki Armer acquired such title, and the constructive trust count does not mention Vicki Armer.

In short, that Complaint does not include a short and plain statement of the claim showing that the pleader is entitled to relief against Vicki Armer.

Vicki Armer's Motion to dismiss the Complaint is granted.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of

---

[7] Dkt. 42, 5.

[8] *Id.*

4

Case 11-05116   Doc# 51   Filed 05/09/12   Page 4 of 5

Bankruptcy Procedure 7058 which makes Federal Rule of Civil Procedure 58 applicable to this proceeding.

**IT IS SO ORDERED.**

###